**Civil Action No. 1:23-cv-23767-BLOOM-Otazo-Reyes**

| | |
|---|---|
| MAXX LYMAN, on behalf of himself and others similarly situated, | : |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| EXCEL IMPACT, LLC, | : |
| | : |
| Defendant. | : |
| | : |

_____/

## JOINT SCHEDULING REPORT

Pursuant to Local Rule 16.1 of the Southern District of Florida's Local Rules, and in accordance with the Court's Order Requiring Scheduling Report and Certificates of Interested Parties (Doc. 4), Plaintiff Maxx Lyman and Defendant Excel Impact, LLC conferred with each other and respectfully submit the following Joint Scheduling Report:

**A.** **Likelihood of settlement:**

The parties are open to discussing a resolution. At this point, however, the parties have not exchanged enough information to assess the likelihood of a resolution in this putative class action. Once discovery has been exchanged, the parties will be in a better position to evaluate the likelihood of a settlement.

**B.** **Likelihood of appearance of additional parties:**

Plaintiff is not currently aware of any additional party. Plaintiff, however, may need to add parties, but will not be able to make that determination until receiving responses to discovery requests.

**C. Proposed limits on time:**

**i. To join other parties and to amend the pleadings:**

Given that Plaintiff does not yet have discovery necessary to determine if a party needs to be added, Plaintiff proposes the deadline to add parties be set at January 5, 2024, which is approximately 60 days from the submittal of this proposed schedule.

**ii. To file and hear motions:**

Per the Court's Scheduling Order, the parties propose the following schedule for motions that takes into account their expectation that this putative class action falls within the standard track.

a. Deadline for filing motions to compel: July 17, 2024.

b. Deadline for filing a motion for class certification:  August 6, 2024.

c. Deadline for filing dispositive motions:  August 6, 2024.

d. Deadline for filing *Daubert* motions:  August 6, 2024.

e. Deadline for filing motion to approve class notice should the Court grant class certification:  30 days following class certification.

**iii. To complete discovery:**

Given that this is a putative class action, the parties propose July 17, 2024 as the deadline to complete discovery.

**D. Proposal for the formulation and simplification of the issues including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

The Defendant believes staged discovery is appropriate in this matter, where liability and defenses related to Plaintiff's individual claims, in addition to generalized inquiries into the

scope and construct of the putative class should precede detailed and voluminous potential class discovery.

Plaintiff has not agreed to staged discovery, but agrees to continue to confer in good faith regarding the scope of initial discovery.

The parties are optimistic that they will reach a common understanding regarding the scope of initial discovery.  To the extent that the parties reach an impasse regarding the scope and timing of discovery, they propose addressing the issue at that time through a motion for protective order, motion to bifurcate, or seeking other such related relief.

**E.      The necessity or desirability of amendments to the pleadings:**

The parties do not currently anticipate amendments to the pleadings.

**F.      The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

The parties will work to agree on admissions and stipulations that are appropriate and are not aware of the need for advance rulings from the Court on the admissibility of any evidence.

**G.      Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The parties share a common goal to streamline the litigation and agree to work in good faith to do the same where appropriate.

**H.      Suggestions on the advisability of referring matters to a Magistrate Judge or master:**

The parties are in agreement that all discovery disputes may be referred to a Magistrate Judge.

**I.      Preliminary estimate of time required for trial:**

The parties anticipate that the trial will last 5 days.

**J.      Requested dates for conferences before trial, a final pretrial conference, and trial:**

Given that Plaintiff anticipates filing a motion for class certification and the Defendant a dispositive motion, either of which – if granted – would substantially require an alteration of the schedule in this case—the parties respectfully request the trial date be set out farther than 100 days following the dispositive motions deadline that the Court advised it anticipated would be the trial date in its Order Requiring Scheduling Report.

Trial:  January 22, 2025.

Final Pre-trial conference:  January 12, 2025.

**K.      Other issues:**

**i.      Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

The parties have agreed to make initial disclosures by December 5, 2023 and to preserve and exchange ESI.

The default file format in which ESI will be produced is searchable PDF.  If a given PDF file contains multiple documents, there shall be a page break at the end of each document.  When a PowerPoint document is converted to PDF, the version that will be converted will show the speaker notes (if any).  When a Word document is converted to PDF, the version that will be converted is as it was last saved, showing any comments.

The parties have agreed that the following documents will be produced in native format (provided the underlying data is maintained in that native format, as opposed to exported or converted to that format): spreadsheets, databases, and media files.  The parties reserve their rights to seek additional electronic documents in their native format.

In an attempt to minimize e-discovery costs and disputes, the parties agree to meet and confer in a good faith effort to identify search terms that may be used to identify documents in the event that production of all ESI responsive to a request would be unduly burdensome.

**ii.     Claims of privilege or of protection as trial-preparation materials, including— if the parties agree on a procedure to assert those claims after production— whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502:**

Federal Rule of Evidence 502 and Rule 25(b)(5)(B) of the Federal Rules of Civil Procedure will govern inadvertent disclosure of privileged information.  The parties do not ask the Court to issue an order under Rule 502(d).

**iii.     When the parties have agreed to use the ESI Checklist, matters enumerated on the ESI Checklist:**

The parties have reviewed the ESI Checklist and discussed the items set forth in Section K(i) above.  The parties agree to continue to meet and confer on the ESI protocol as necessary as discovery is exchanged.

**L.     Any other information that might be helpful to the Court in setting the case for status or pretrial conference:**

None.

Respectfully submitted,

<table>
<tr><td><u>/s/ Yaniv Adar, per auth. 11/13/23</u></td><td><u>/s/ Geoffrey J. Moul</u></td></tr>
<tr><td>Yaniv Adar (63804)</td><td>Geoffrey J. Moul (92496)</td></tr>
<tr><td>Annie D. Rosenthal (1031335)</td><td>Murray Murphy Moul + Basil LLP</td></tr>
<tr><td>Mark Migdal & Hayden</td><td>1114 Dublin Road</td></tr>
<tr><td>80 S.W. 8th Street, Suite 1999</td><td>Columbus, OH  43215</td></tr>
<tr><td>Miami, FL 33130</td><td>Telephone: 614.488.0400</td></tr>
<tr><td>Telephone: 305.374.0440</td><td>Facsimile: 614.488.0401</td></tr>
<tr><td>E-mail: yaniv@markmigdal.com</td><td>E-mail: moul@mmmb.com</td></tr>
<tr><td>      annie@markmigdal.com</td><td></td></tr>
<tr><td></td><td><i>Counsel for Plaintiff</i></td></tr>
<tr><td><i>Counsel for Defendant</i></td><td></td></tr>
</table>